JUNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HERITAGE FOUNDATION, *et al.*,

                    Plaintiffs,

        v.                                        Civil Action No. 23-0669 (RDM)

DEPARTMENT OF JUSTICE,

                    Defendant.

**REPLY IN SUPPORT OF**
**DEFENDANT'S MOTION FOR EXTENSION OF TIME TO RESPOND**

By and through undersigned counsel, the Department of Justice ("Defendant" or the "Department") files this reply in further support of its motion to extend the deadline to respond to the Complaint.

In their Opposition to Defendants' Motion for Extension ("Pl.'s Opp'n", ECF No. 6), Plaintiffs provided five reasons why they opposed Defendant's motion, but none withstand close scrutiny for the reasons discussed below.

*First*, Plaintiffs argued that any request for extension should require an "extraordinary showing" because the default response date was determined by statute. *See* Pls.' Opp'n at 4. But Plaintiffs cite no authority for such a rule. Just as Congress chose to depart from the standard 60-day response time under Rule 12(a)(2), it chose *not* to depart from standard rules allowing for extensions of time.

*Second*, Plaintiffs argued that delay for an answer here is inappropriate because their FOIA requests is important and they were originally submitted in 2022. In so doing, Plaintiffs seek to collapse the distinction between the client (Department of Justice) and the litigation counsel in this litigation, arguing that litigation counsel cannot be granted time because of delays in processing

of Plaintiffs' indefinite requests while simultaneously asserting that the elapse of time associated with the FOIA litigation they initiated is a deliberate attempt to circumvent the law.  *See* Pls.' Opp'n at 7 ("[T]he Motion seeks to delay the Department's compliance with its statutory obligations under FOIA.").  Here, as elsewhere, Plaintiffs seek to conflate the time at which they submitted their FOIA requests with the time at which they filed their complaint.  *See also id.* at 9.  But FOIA litigation is litigation all the same.  Defendant consists of multiple clients who must coordinate to assert their defenses.

*Third*, Plaintiffs recite quotations that appear to support their position, but those quotations are not persuasive when read in context.  *See* Pls.' Opp'n at 6.  None of Plaintiffs' cases are in a similar procedural posture—*i.e.*, none involve a request for extension of time to answer a complaint made ahead of the deadline.  In two cases, parties took the disfavored approach of filing late and then seeking forgiveness.  *See United States v. Brace*, Civ. A. No. 17-0006 (BR), 2018 WL 9815247, at *1 (W.D. Pa. Oct. 22, 2018) ("Defendants do not dispute that their *Daubert* motions are: (1) untimely; (2) silent as to their untimeliness; and (3) filed without leave of the Court to file late."); *Pfeiffer v. Merit Sys. Prot. Bd.*, 230 F.3d 1375, 1999 WL 1289096, at *1 (Fed. Cir. 1999) ("[T]he final date on which Pfeiffer could file his motion for fees was September 2 . . . . Pfeiffer filed his motion-together with a motion requesting leave to file out-of-time-on September 5.").[1]  Two involved requests to extend the time from which to take a discretionary appeal.  *See Joseph v. Hess Oil V.I. Corp.*, 651 F.3d 348 (3d Cir. 2011) (Smith, J.) (*granting* additional time "to file a petition for a writ of certiorari from a decision of the Supreme Court of the Virgin Islands" because the standards were unclear); *Mississippi v. Turner*, 498 U.S. 1306,

---

[1] Plaintiffs failed to indicate that *Pfeiffer v. Merit Sys. Prot. Bd.*, 230 F.3d 1375 (Fed. Cir. 1999), is actually an unpublished table per curiam.

1306 (1991) (Scalia, J.) (extension of time to file a writ of certiorari).  And in the one other case (which in turn appears to have provided the *Pfeiffer* and *Turner* citations), the United States Court of International trade denied a motion to extend a discovery deadline without prejudice because that plaintiff "ha[d] failed here to articulate sufficient detail" about conflicts with counsel's schedule.  *Mondiv, Div. of Lassonde Specialties Inc. v. United States*, 219 F. Supp. 3d 1364, 1365 (C.I.T. 2017).  That is why the court  noted that a "general assertion of a busy schedule does not satisfy the good cause standard" as opposed to the situation here where Defendant has explained the need to coordinate Justice Department employees to negotiate and, if necessary, assert its defenses.  *Id.*

Fourth, Plaintiffs argue the Court should take into account the entirety of the Department of Justice "with all of its power and might" when determining whether it would be appropriate to extend the time to answer this Complaint.  This ignores the burdens on the Department as a whole and asks the Court to assume that the whole of government should be constantly re-allocating resources in response to each new complaint, hardly likely to expedite the processing of litigation. While Plaintiffs might want to be a special favorite of the law, the systemic burdens on which Defendant's motion was based in part are very real.

Fifth, Plaintiffs argue that negotiation should not delay briefing.  Pls.' Opp'n at 10.  At bottom, this shows how Plaintiffs refuse to acknowledge the core rationale for Defendant's motion. Defendant's motion is not about delay—it is about efficiency.  As it stands, Defendant could file a motion to dismiss Plaintiffs' FOIA requests, which are too vague to be actionable under the statute.  This would take months of briefing and judicial resources to resolve.  Plaintiffs might even choose to appeal.  Then, Plaintiffs would have to take the time to draft new and hopefully cognizable requests.  Then, Plaintiffs' new requests would go back to the bottom of the queue.  For

all of Plaintiffs' assertions of public interest, no one benefits from Plaintiffs' belabored objection to sitting down with Defendants and fixing their requests.

WHEREFORE, for the reasons stated herein and in its April 6, 2023 motion, Defendant respectfully requests that the deadline to respond to the Complaint be extended through and including May 15, 2023.

Dated: April 7, 2023
      Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:       /s/ Brian J. Levy
      BRIAN J. LEVY
      Assistant United States Attorney
      601 D Street, NW
      Washington, DC 20530
      202-252-6734

      *Attorneys for the United States of America*